**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MAR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDNA BENIS; PAMELA MAREK
SITES, FKA Pamela Marek Sykes; TODD
MAREK,

             Plaintiffs - Appellants,

  v.

SALLIE MAE, INC.,

             Defendant - Appellee.

No. 12-55839

D.C. No. 2:11-cv-00402-ODW-
VBK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted February 3, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.**

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*     The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Edna Benis, Pamela Marek Sites, and Todd Marek appeal the district court's judgment dismissing their claims against Defendant Sallie Mae. Plaintiffs invoked the district court's diversity jurisdiction. We have jurisdiction under 28 U.S.C. § 1291.

In the events leading to this appeal, the district court granted Defendant's motion to dismiss all of Plaintiffs' claims except for Claim J, a forgery claim of Plaintiff Sites. Plaintiffs apparently mistakenly believed, however, that the dismissal had included Claim J. Even though, in denying reconsideration, the district court explained that Claim J had been carved out of Defendant's motion and thus was not included in the order granting the motion, Plaintiffs nevertheless remained under the misapprehension that the claim had been dismissed. They then filed an ex parte application to vacate a scheduling conference based on their mistaken belief that the entire case had been disposed of. The district court granted the application in an order stating that the case was dismissed.

We reject Defendant's position that Plaintiffs abandoned Claim J by a voluntary dismissal. The Plaintiffs did not move for voluntary dismissal, but the district court nonetheless dismissed Claim J in its April 25, 2012 order when it stated "[t]he case is dismissed." *See Knevelbaard Diaries v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) ("[I]f it appears that the district court intended the

2

dismissal to dispose of the action, it may be considered final and appealable." (internal quotation marks omitted)). The dismissal resulted in an order that was appealable to challenge what Plaintiffs believed to have been the earlier wrongful dismissal of that claim. *See Gorlick Distrib. Ctrs., LLC v. Car Sound Exhaust Sys., Inc.*, 723 F.3d 1019, 1021 n.2 (9th Cir. 2013) (per curiam) (citing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002)). Because Claim J was never dismissed on substantive grounds but only by mistake, Claim J must be reinstated.

Plaintiffs also appeal the district court's dismissal of the fraud claims that were the actual targets of Defendant's motion. These claims allege that Defendant failed to disclose the full effect of the capitalization of unpaid interest at the time the payments became due. A reading of the promissory note reflects, however, that the nature of the capitalization was adequately explained. There was no fraud or violation of any applicable statute. Plaintiffs' claim that Defendant improperly sought collection for loans in breach of a settlement agreement is barred by the economic loss rule, and no relevant exception applies. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004). The claims other than Claim J were properly dismissed.

The judgment with respect to Claim J is vacated and the case is remanded for the reinstatement of Claim J. The dismissal of the remainder of the claims is affirmed.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part. Costs are awarded to Defendant.